**Motion for Rehearing Granted; Appeal Reinstated; Memorandum Opinion filed November 21, 2023, Withdrawn; and Order and Concurring Memorandum Opinion on Rehearing filed February 15, 2024.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-23-00503-CV

———————

### PEDRO RAMIREZ AND ALMA RAMIREZ, Appellants

### V.

### ALICIA PEREZ, Appellee

---

**On Appeal from the 454th District Court
Medina County, Texas
Trial Court Cause No. 16-12-23965-CV**

---

## CONCURRING MEMORANDUM OPINION ON REHEARING

I concur in granting the motion for rehearing as this court erred in dismissing the appeal.

Appellants correctly point out that the appellee's motion to dismiss was not verified. *See* Tex. R. App. P. 10.2. While that is not the sole reason we erred in granting the motion to dismiss, in retrospect this court should have notified the movant, given appellants an opportunity to cure, and considered the motion in greater depth.

Having independently concluded that this court has subject-matter jurisdiction,[1] I concur in granting both the motion for rehearing and the requested relief of reinstating the appeal.


/s/     Charles A. Spain
        Justice

Panel consists of Justices Jewell, Spain, and Wilson (Spain, J., concurring).

---

[1] When we reinstate this appeal, we should direct the clerk of this court to note on this court's docket that the clerk's record containing the notice of appeal is both a "Clerk's record filed" and "Notice of appeal filed in the court of appeals." On initial review, the clerk's record seemingly did not contain a notice of appeal as required by Texas Rule of Appellate Procedure 34.5(a)(7). This is problematic because this court must determine independently its subject-matter jurisdiction.

Further review reveals there is another clerk's record that does contain the notice of appeal. The June 8, 2023 notice of appeal was delivered to the clerk of the Fourth Court of Appeals on June 12, 2023 as a part of a clerk's record that also included the trial court's March 12, 2023 final judgment and the April 12, 2023 motion for new trial and motion to modify the judgment. A separate copy of the notice of appeal was also delivered to the clerk of the Fourth Court of Appeals on June 13, 2023 as required by Texas Rule of Appellate Procedure 25.1(e) (party must deliver), (f) (trial-court clerk must deliver). While the initial Rule 25(f) duty of the trial-court clerk to deliver the notice of appeal is not required to be in the form of a clerk's record (and I have never seen this done before), I nonetheless conclude the notice of appeal is in a clerk's record and was timely filed. *See* Tex. R. App. P. 26.1.